**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-0786-WJM

ARVALEE GERARD BECKER,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER REVERSING ADMINISTRATIVE LAW JUDGE'S DECISION AND
REMANDING TO THE COMMISSIONER**

---

This is a social security benefits appeal brought under 42 U.S.C. § 405(g). Plaintiff Arvalee Gerard Becker ("Plaintiff") challenges the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying his application for disability and social security benefits. The denial was affirmed by an administrative law judge ("ALJ"), who ruled Plaintiff was not disabled within the meaning of the Social Security Act ("Act") at a time prior to November 11, 2008.[1] This appeal followed.

For the reasons set forth below, the ALJ's denial of benefits is reversed and the case is remanded to the Commissioner for rehearing.

**I. BACKGROUND**

Plaintiff filed a claim for Disability Insurance Benefits on March 12, 2007. (Admin. Record ("R.") at 10). Plaintiff Becker alleged that he became disabled on July

---

[1] The ALJ decision was partially favorable in so far as the ALJ found that Plaintiff was 'disabled' within the meaning of the Act after November 11, 2008.

13, 2005 due to chronic pain, numbness, depression, and asthma. (R. 14, 246). The hearing before the ALJ was heard on June 29, 2011. (R. 32-66). The Appeals Council denied review on March 8, 2012, making the ALJ's decision the "final decision" and allowing for judicial review. 42 U.S.C. § 405(g) (R. 1-3). A timely Complaint was filed in this Court on March 28, 2012, pursuant to 42 U.S.C. § 405(g). Plaintiff appeals a partially favorable decision on this claim Disability Insurance and for Supplement Security Income (SSI) under the Social Security Act, 42 U.S.C. §§ 401 *et seq.* (R. 10-31.)

Plaintiff graduated from high school, attended a year of college, and worked as a customer complaint clerk and stagehand through June 2003 (R. 255, 291, 296). He alleged he became disabled on July 13, 2005. (R. 123.) Prior to July 2005, Sean O'Donnell, M.D., Plaintiff's family doctor, treated Plaintiff for occasional neck and back pain, high cholesterol, and gastroesophageal reflux disease (GERD) symptoms with prescription medication (R. 355-60, 486.) Dr. O'Donnell also diagnosed Plaintiff with depression and depression-related fatigue. (R. 329.) In May 2005, Dr. O'Donnell prescribed Cymbalta–a medication used to treat depression, anxiety, neuropathy, and bone or muscle pain–in response to Plaintiff's complaints of depression, bilateral arm pain, and right leg pain. (R. 354.)

Plaintiff also testified that during 2005 he had little feeling in his fingers and that it had previously recovered from surgery in both hands related to carpel tunnel. (R 39-40.) Plaintiff stated that he had difficult with "typing with [his] hands." (R. 41.) He further said that "it would get tingly and be almost a burning sensation down the wrist...and up through the elbow." (*Id.*) These disabilities persist. For example, in December 2008, Plaintiff complained of light-headedness and significant wrist pain. (R.

505, 564.) During the hearing before the ALJ, Plaintiff also testified to his depression, *inter alia*, and low energy levels in the years preceding 2005. (R. 42.)

On November 11, 2008, Dr. O'Donnell completed a medical source statement, which stated that Plaintiff's diagnoses included chronic fatigue with daily aches, pains, and fatigue due to "multiple somatic complaints" which resulted in extreme limitations in sitting, standing, lifting, and other basic work activities. (R. 482-85.)[2]

On December 10, 2008, Gail Gerig, M.Ed., a licensed physical therapist, examined Plaintiff and administered several occupational tests. (R. 491-501.) Ms. Gerig's examination and testing found, for the first time, that Plaintiff had a significant decrease in his grip strength and upper arm strength, as well as an antalgic gait with the use of a walking stick. (R. 492, 494.) Ms. Gerig also assessed extreme limitations in sitting, standing, lifting, and other basic work activities. (R. 491-97). Ms. Gerig's report included results from her objective testing. (R. 498-501).

In light of the above evidence, *inter alia*, the ALJ applied the five-step sequential evaluation process for determining disability in adults (R. 15-16). See 20 C.F.R. § 404.1520.[3] At step one, the ALJ found that Plaintiff had not engaged in substantial

---

[2] In June 2011, Dr. O'Donnell wrote a note to no one in particular, stating that he "reaffirmed" his November 11, 2008 medical source statement, and further stating that Plaintiff's "onset of his disabling symptoms" occurred in 1999. (R. 576.)

[3] The five-step process requires the ALJ consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988.) The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

gainful activity since his alleged onset date. (R. 16). At step two, the ALJ found that Plaintiff's severe impairments, in combination, were asthma; history of bilateral carpal tunnel syndrome; hypertension; chronic pain disorder with mixed psychological and medical factors present; and personality disorder. (R. 17.)

At step three, the ALJ found that Plaintiff's physical and mental impairments, alone or in combination, did not meet or equal the criteria of a listed (*i.e., per se* disabling) impairment (R. 17-18.) Between steps three and four, the ALJ assessed the objective medical and other evidence in the record and determined that, **prior to November 11, 2008,** Plaintiff could perform light work with limitations directly matching those the ALJ included in the hypothetical question to the vocational expert (compare R. 18 with R. 56-57). The ALJ cited several reasons for finding Plaintiff's testimony and other statements not credible prior to that date, including contradictory objective medical evidence, Plaintiff's ability to take care of his disabled mother, his daily activities, and his symptoms' responsiveness to conservative treatment (R. 18-22.)

At step four, the ALJ found that Plaintiff could not perform his past relevant work (R. 27); however, at step five, based on the vocational expert's testimony (R. 56-57), the ALJ found that during the relevant period of July 13, 2005 through November 10, 2008, Plaintiff could perform work existing in significant numbers in the national economy, and was therefore not disabled R. 22-24).

Notwithstanding this, on November 11, 2008 the ALJ found that considering the claimant's age, education, work experience, and RFC, there were no jobs that existed in significant numbers in the national economy that the claimant could have performed. 20

C.F.R. §404,1560(c), 404.1566, 416.960(c), and 416.966.

## II. STANDARD OF REVIEW

The Court reviews adverse decisions of the Commissioner to determine (1) whether substantial evidence in the record as a whole supports the factual findings, and (2) whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id*. "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

Although a district court will "not reweigh the evidence or retry the case," a district court "meticulously examines the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007); *see also* 42 U.S.C. § 405(g). In reviewing the Commissioner's decision, the Court may neither reweigh the evidence, nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). As the Tenth Circuit observed in *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993), the ALJ also has a basic duty of inquiry to "fully and fairly develop the record as to material issues." *Id.* This duty exists even when the claimant is represented by counsel. *Id.* at 480.

## III. ANALYSIS

The Appeals Council denied Plaintiff's request for review on the ALJ's decision. Plaintiff then filed this action seeking review of that decision. On appeal, Plaintiff raises the following arguments for consideration: (1) the ALJ's residual functional capacity ("RFC") finding does not properly consider all the relevant evidence in the record (*i.e.*

the record was not fully developed by the ALJ, and mandatory evidence was not considered or afforded any weight); (2) the ALJ's hypothetical questions to the vocational expert did not precisely reflect Plaintiff's limitations leading to error in step 5 of the analysis. (ECF No.13 at 4.)

Because the Court finds deficiencies in the ALJ's decision on the first issue, by not considering all of the relevant evidence in the record, the Court finds that such error requires remand. Since these same deficiencies taint the second issue and—to the extent that ALJ's hypothetical questions to the vocational expert were not fully informed by all the relevant evidence—the Court also finds that this issue warrants further consideration.

**A.   Whether The ALJ's RFC Finding Prior to November 11, 2008 Properly Considered and/or Weighed All the Relevant Evidence in the Record**

Plaintiff attacks the ALJ's RFC findings by contending that the ALJ did not give any consideration or weight to the Colorado State Vocational Rehabilitation Report (the "Rehabilitation Report"). (ECF No. 13 at 24.) This, Plaintiff argues, tainted the RFC and led to error therein. The Court agrees.

An RFC assessment is made by the ALJ "based on all the relevant evidence in [the claimant's] case record." 20 C.F.R. § 404.1545(a)(1). The RFC is an assessment of the most a claimant can do despite his or her limitations. *Id.* An ALJ must make specific RFC findings based on all of the relevant evidence in the case record. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996); SSR 96–8p, 1996 WL 374184, at *5 (July 2, 1996):

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion,

6

> citing specific medical facts . . . and **nonmedical evidence** . . . the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis . . . and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also **explain** how any material inconsistencies or **ambiguities** in the evidence in the case record were considered and resolved. (*emphasis added.*)

SSR 96–8p.

In order to make an appropriate RFC Assessment, the ALJ also has a basic duty of inquiry to "fully and fairly develop the record as to material issues." *Baca* 5 F.3d at 479-80. In that case, the ALJ had an obligation to consider the disability determinations of other federal or state agencies. *Id.* The court also found that the ALJ should have made reasonable efforts to obtain records and considered a Veterans Administration disability rating in making its decision. *Id.* The court held that "[a]lthough findings by other agencies are not binding on the Secretary, they are entitled to *weight* and *must* be considered." *Id. See also Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

Here, the ALJ failed to expressly consider the Rehabilitation Report; a report that was prepared by a state agency on Plaintiff's ability to work in the State of Colorado. (R. 294.) This fits squarely with the facts and holding in the *Baca* case. Specifically, the reports states: "Mr Becker has severe neck pain. . . He struggled with working for even an hour . . . [And] due to the severe pain, it [was] felt that Mr Becker is unable to work." (*Id.*) The evaluation is quite telling because it is set in a work evaluation context—*i.e.* whether Plaintiff Becker was "physically able to work at a competitive job." (*Id.*) Such evidence is relevant to Plaintiff's disability claim, and this is one reason why the Tenth Circuit requires that it be considered. The fact that the ALJ failed to consider the

evidence here constitutes error and the basis for remand because such error fails to "fairly and fully" develop the record.[4] *See Baca* 5 F.3d at 479-80 (holding that the ALJ must consider the evidence of other agencies—addressing the same disabilities as those before it—to ensure that the record is "fairly and fully developed.")[5]

## B. Harmless Error

In the alternative, the Commissioner contends that even if the "ALJ erred in not explicitly discussing the Work Rehabilitation [Report], such error was harmless." (ECF No. 14 at 25.) The Court disagrees. The case law is clear: "[a]lthough findings by other agencies are not binding on the Secretary, they are entitled to weight and *must* be considered." *Baca* 5 F.3d at 480. This mandatory instruction leaves no room for discretion ("must", not "may"). Failure to address findings of other agencies constitutes error and remand. This is the very result in this case for two reasons.

First, and given that the ALJ has a mandatory duty to review all relevant evidence—and then failed to consider the Rehabilitation Report—the Court finds the

---

[4] The Court notes that it has reviewed the Commissioner's counter-arguments and case law supporting its position. *See* SSR 06-03p, 2006 WL 2329939, at *6-7. The Court finds these arguments unavailing. The case cited by the Commissioner simply holds that the ALJ is not "bound" by a Work Evaluation of an agency. *Id.* The Commissioner's reliance on this case misses the mark because *Baca* also states that while the ALJ is not "bound" by an agency's determination, it must still consider all evidence that is relevant to material issues. *Baca*, 5 F.3d at 480. A Rehabilitation Report falls with the categories of evidence that is relevant to an ALJ determination on disability benefits— and is precisely the type of evidence that the ALJ must consider. Indeed, the case law compels it to do so. *Id.*

[5] To the extent that the ALJ did not address the following diagnosed impairments—or that findings as to these impairments were at all ambiguous—the Court directs the ALJ to consider and address them accordingly. Such consideration is relevant in light of the evidence from the Rehabilitation Report that was not considered in the first instance. Plaintiff provides a list of impairments at ECF No. 13 at 24.

ALJ's is error anything but harmless.  Indeed, the Court finds this type of error is more toward the significant end of the spectrum given the deference that should be afforded to other agency evaluations of the claimant.  *Id.*

Second, the Commissioner's argument in the alternative wedges its position between a 'rock and hard place.'  Either the ALJ *did* expressly review and consider the Rehabilitation Report, or it did not.  The argument is difficult to make in the alternative.  And the fact that the Commissioner is trying to do so here suggests that there are "material inconsistencies or ambiguities in the evidence," which the ALJ must reconsider and resolve on remand. *See Winfrey* 92 F.3d at 1023; SSR 96–8p, 1996 WL 374184, at *5 (July 2, 1996); *see also Fischer-Ross.*, 431 F.3d at 733 (holding that courts apply harmless error cautiously in the administrative review setting.)

Accordingly, harmless error does not apply, and the case is remanded for reconsideration.

**C.    The ALJ's Hypothetical Questions to the Vocational Expert Did Not Precisely Reflect Plaintiff's Limitations Leading to Error in Step 5 of the Analysis**

The Court finds above that the ALJ failed to expressly consider the Rehabilitation Report. (R. 294.)   That report found that: "Plaintiff . . . struggled with working for even an hour. [And] due to the severe pain, it is felt that Mr Becker is unable to work." (*Id.*) The Court forms no view on whether this evidence trumps other evidence in the record, or should be afforded any particular weight.  That is the province of the ALJ.  But given that the ALJ failed to consider this evidence—nor did she discount the evidence against other evidence in the record—it is difficult to see how this would not have infected the hypothetical questions posed to the vocational expert.  *See Winfrey v. Chater*, 92 F.3d

1017, 1024 (10th Cir. 1996) (stating that "limitations omitted from the RFC finding and also omitted from the hypothetical questions" propounded to the vocational expert at step five may result in a defective determination as to Plaintiff's abilities "to do work in the existing economy.") (ECF No. 14 at 16-17.)

Accordingly, the Court finds that the ALJ has also erred with respect to step 5 because she failed to consider relevant evidence in the RFC that could be relevant to the vocational expert if the ALJ ultimately finds such evidence credible when weighed against other evidence in the record.[6]  *See Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) ("Testimony elicited by hypothetical questions that do not relate with precision to all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision.")

Accordingly, because failure to consider all relevant evidence constitutes error, this necessitates a remand. *Threet v. Barnhart*, 353 F.3d 1185, 1192 (10th Cir. 2003)

### D.    Remaining Arguments

Since the Court finds that the ALJ's failed to consider the Rehabilitation Report, it need not address the other arguments raised by Plaintiff—particularly in circumstances where the Commissioner's harmless error argument has been rejected.  *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (when the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal).

The Court expresses no opinion as to Plaintiff's other arguments and neither party should take the Court's silence as tacit approval or disapproval of how the

---

[6] This may not ultimately change the result.  *Zevely v. Barnhart*, 94 Fed. Appx. 722 (10th Cir. 2004).

evidence was considered. It is entirely possible that the ALJ could arrive at the same conclusion and find that Plaintiff is not disabled after proper consideration of the Rehabilitation Report. (R. 294.) The Court does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties, as well as the ALJ, to consider the evidence and the issues anew. *See Zevely v. Barnhart*, 94 Fed. Appx. 722 (10th Cir. 2004).

## IV. CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and this case is REMANDED to the Commissioner for rehearing.

Dated this 8th day of April, 2013.

BY THE COURT:

William J. Martínez
United States District Judge